13-4536-cv
Legg v. Colvin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of September, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
             VALERIE CAPRONI,[*]
                  *District Judge.*

---

MADELYN D. LEGG,

                  *Plaintiff-Appellant*,

            -v-                                          13-4536-cv

CAROLYN W. COLVIN, ACTING COMMISSIONER
OF SOCIAL SECURITY[**]

                  *Defendant-Appellee*.

---

Appearing for Appellants:     Jaya A. Shurtliff, Stanley Law Offices, Syracuse, NY.

Appearing for Appellees:      Jeremy A. Linden, Special Assistant United States Attorney,
                              Stephen P. Conte, Regional Chief Counsel, Region II, Office of the
                              General Counsel, Social Security Administration, New York, NY,

---

[*]Judge Valerie Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend case caption as above.

*for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Peebles, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Madelyn Legg appeals from the final judgment of the district court, which affirmed the decision of the Commissioner of the Social Security Administration denying Legg disability benefits and disabled widow's benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Legg argues that the Commissioner erred by: (1) misstating the facts and misapplying the law pertaining to evaluation of treating physician opinions in determining Legg's residual functional capacity; and (2) misstating the facts and failing to properly consider Legg's work history in evaluating her credibility. "On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted). "It is not our function to determine *de novo* whether a plaintiff is disabled." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (internal quotation marks and first alteration omitted).

We hold that the ALJ did not err in evaluating the assessment of Legg's treating physician. The ALJ gave valid reasons for according little weight to Dr. Bonavita's statements regarding Legg's functional limitations. *See Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (the Social Security Act requires that the ALJ give good reasons for according less weight to a determination by a treating physician). The ALJ appropriately noted that the objective medical evidence, the reports of other physicians, and Dr. Bonavita's own treatment notes did not support the diagnoses and serious functional limitations contained in his statements. The ALJ therefore made no error where she gave good reasons for discounting the opinion of Legg's treating physician and there is substantial evidence in the record to support her finding. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) ("the opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record"). Furthermore, having found a lack of evidence to support Dr. Bonavita's assessment, the ALJ was entitled to rely on statements by other physicians in the record, including the statement of Dr. Ganesh. *See* 20 C.F.R. § 404.1527(d)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s).").

We also hold that the ALJ did not err in evaluating Legg's credibility when discussing her subjective complaints. Contrary to Legg's claims, the ALJ did not misstate the facts in the record. The ALJ accurately noted, based on Legg's own reporting, that Legg stopped working in

2003 first to care for her husband, who died in 2007, and then because she was in a motor vehicle accident. In addition, the ALJ's factual findings accurately described Legg's medical history, detailing the procedures and medications used to treat her chronic back pain. Furthermore, the ALJ did consider Legg's strong work history, noting that Legg continued to work for eight years at a medium level of exertion after a previous back injury. The ALJ's decision not to give this work history controlling weight on the issue of credibility does not constitute error. "[I]t bears emphasizing that work history is just one of many factors that the ALJ is instructed to consider in weighing the credibility of claimant testimony." *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998).

   We have considered the remainder of Legg's arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court hereby is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk